UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
IN RE GENZYME CORPORATION               )
SHAREHOLDER LITIGATION                  )
                                        )     Master Docket No. 10-cv-11356
_____)


REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
<u>WITHOUT PREJUDICE AND DEFENDANTS' MOTION TO DISMISS</u>

[Docket Nos. 35, 61]

September 1, 2011

Boal, M.J.

The matter is before this Court on Plaintiffs' motion for voluntary dismissal and

Defendants' motion to dismiss. The Court recommends that the case be dismissed, and that the

District Court deny Plaintiffs' motion as unnecessary, and deny Defendants' motion to dismiss

as moot.

I.      **Facts and Procedural Background**

Plaintiffs filed separate shareholder class action complaints. These complaints were later

consolidated and the Plaintiffs jointly filed an amended complaint.[1] The amended complaint

alleges breaches of fiduciary duty and federal securities laws by Genzyme Corporation

("Genzyme") and its directors in relation to Genzyme's negotiation and subsequent acquisition

by sanofi-aventis, S.A. ("Sanofi"). [Docket No. 34].

On February 16, 2011, Defendants moved to dismiss the amended complaint for failure

_____

[1] Plaintiffs filed four separate class actions in this district, which the Court consolidated
upon Plaintiffs' motion on December 29, 2010. [Electronic Order dated December, 29, 2010].

to state a claim upon which relief could be granted.  [Docket No. 35].  On February 28, 2011, Plaintiffs sought a three-week extension of time until March 22, 2011 to respond to the motion to dismiss.  [Docket No. 37].  On March 22, 2011, in lieu of opposing Defendants' motion to dismiss, Plaintiffs sought leave to file a second amended complaint, stating that many of the amended complaint's allegations had been mooted by Defendants' agreement to be acquired by Sanofi.  [Docket Nos. 38, 39, 40].

On March 31, 2011, the parties entered into a stipulation whereby Plaintiffs withdrew their motion for leave to file a second amended complaint.  [Docket No.  41].  On April 7, 2011, the Court entered an order denying, without prejudice, the motion for leave to file a second amended complaint on the grounds that such motion was moot due to the terms of the stipulation. [Docket April 7, 2011].  The Court also stated that it would stay its issuance of a report and recommendation on Defendants' motion to dismiss as a result of recent developments in the case.  Id.

On April 21, 2011, the parties filed a Joint Status Report.  [Docket No. 43].  The parties stated that the claims in the amended complaint were moot and that Plaintiffs intended to file a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).  Id. Plaintiffs' counsel stated that it intended to apply for attorneys' fees and costs and that Defendants intended to oppose this petition.  Id.

On May 6, 2011, Plaintiffs filed a motion for attorneys' fees and expenses.  [Docket No. 46].  On June 6, 2011, Defendants opposed the motion and moved for sanctions under the Private Securities Litigation Reform Act.  [Docket Nos. 50, 52].  The Court held a hearing on these motions on August 10, 2011.  The motions are pending before this Court.

On August 17, 2011, Plaintiffs filed a motion for a voluntary dismissal without prejudice.

[Docket No. 61].  In support, Plaintiffs stated that Sanofi's acquisition of Genzyme on April 8, 2011 mooted their claims.  Id.

## II.     Analysis and Recommendation

Fed. R. Civ. P. 41(a) governs the voluntary dismissal of an action by a plaintiff.  Pursuant to Rule 41(a)(1)(A), a plaintiff may voluntarily dismiss a complaint without prejudice and without a court order if: (i) he files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) files a stipulation of dismissal signed by all parties who have appeared.[2]  Any other request for a voluntary dismissal requires a court order. Fed. R. Civ. P. 41(a)(2).  Plaintiffs did not specify in their motion under which section of Rule 41 they seek dismissal.

The Court construes Plaintiffs' motion for voluntary dismissal as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).  See Hall v. Mortgage Elec. Registration Sys., Inc., No. 10-cv-158, 2011 U.S. Dist. LEXIS 24331, *4 (D.N.H. March 4, 2011).  Indeed, Plaintiffs asserted in the April 21, 2011 Joint Status Report that they intended to file a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1).  See Docket No. 43.  In addition, as stated above, Rule 41(a)(1)(A)(i) provides that a plaintiff may dismiss voluntarily a claim without prejudice and without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  Defendants have not filed an answer or a motion

---

[2]  A plaintiff's ability to voluntarily dismiss his complaint without a court order under Rule 41(a)(1) is subject to Rule 23(e), which governs the settlement, voluntarily dismissal, or compromise of certified class actions and sets out a procedure for providing class members with notice of the dismissal and an opportunity for a hearing.  Fed. R. Civ. P. 41(a)(1)(A); Fed. R. Civ. P. 23(e).  However, Rule 23(e) does not apply to Plaintiffs' request for a voluntary dismissal because the Plaintiffs' class was never certified.

for summary judgment.  Accordingly, the Court recommends that the case be dismissed based on

Plaintiffs' notice of voluntary dismissal, and DENY Plaintiffs' motion as unnecessary given the

provisions of Rule 41 of the Federal Rules of Civil Procedure.

In light of Plaintiffs' voluntary dismissal of the case, the Court recommends that the

District Court DENY Defendants' Motion to Dismiss as moot.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any

party who objects to these proposed findings and recommendations must file specific written

objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report

and Recommendation.  The written objections must specifically identify the portion of the

proposed findings, recommendations, or report to which objection is made, and the basis for such

objections.  See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b).  The parties are further advised

that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to

comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's

order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas

Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir.

1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge